IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TAWNIE-RENEE EGGLESTON<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No.: 1:23-cv-00011-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned consistent with DUCivR 74-2 (ECF 24).  On February 2, 2023, pro se Plaintiff Tawnie-Renee Eggleston was granted in forma pauperis status (ECF 4), and her Complaint against the State of Utah and others was filed (ECF 5). The case is presently before the court on sua sponte review under 28 U.S.C. § 1915 and DUCivR 3-2(b).

When a party proceeds pro se, the district court construes the pleadings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court will not, however, "assume the role of advocate for the pro se litigant." *Id.* Moreover, pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Notwithstanding, "the court shall dismiss the case at any time if the court determines that . . . the action. . . fails to state a claim upon which relief can be granted" or the court lacks jurisdiction. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* Fed. R. Civ. P. 12(h)(3). Under Local Rule 3-2(b), a magistrate judge may recommend dismissal if the court lacks jurisdiction. *See* DUCivR 3-2(b)(1)(B). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To plead a claim in compliance with this rule, a party must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Alleged facts must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Claims have facial plausibility when the pleader provides sufficient factual content to allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Ms. Eggleston's allegations are difficult to summarize because her Complaint consists largely of amalgam of papers with various titles that include reference to different federal and state statutory sections without virtually any facts to support a claim to relief. (*See generally* ECF 5 at 1, 6). Even so, while construing the allegations liberally, it appears Ms. Eggleston is possibly embroiled in a juvenile court action in the Second District Juvenile Court of the State of Utah and appears to have lost custody of her young daughter (*See id.* at 6). Ms. Eggleston is seeking assistance from this court to order the State of Utah to immediately return the child to her care and custody through a petition for writ of habeas corpus and would like to be awarded damages stemming from some factually unsupported claim of fraud (*See id.* at 1, 6).

Though Ms. Eggleston seeks the return of her daughter, "it is well established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Gordon v. Respondent*, No. 07-3032-SAC, 2007 WL 628205, at *1 (D. Kan. Feb. 28, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States" (internal quotations omitted)). This rule—known as the "domestic-relations exception"—means that "a federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic-relations case." *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017)). Ms. Eggleston's petition—seeking a writ directing the child be returned to her custody—is essentially a request to "undo" the state court's custody order related to the child. Therefore, the relief Ms. Eggleston is seeking is, at least in large part, that the court invalidate the child custody order entered by the state court, which is essentially a request to modify that order. The court lacks jurisdiction to issue that relief.

Additionally, habeas writs are not available in child custody matters. Indeed, "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982); *see also Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 436 (10th Cir. 1992) ("A state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of a habeas corpus petition." (citing *Lehman*, 458 U.S. at 516)); *Braun v. Stovall*, 83 F.3d 431, 1996 WL 211737, at *1 (10th Cir. Apr. 30, 1996) ("Federal courts do not have jurisdiction under [28 U.S.C.] § 2254 to consider collateral challenges to state child-custody decisions."). Even the Supreme Court has recognized

that "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Lehman*, 458 U.S. at 512. Again, Ms. Eggleston's challenge is essentially a request to "undo" the state court's custody order. Unfortunately, federal habeas relief is not an appropriate vehicle to undo the state court custody decision.

## **RECOMMENDATION**

For the reasons stated above, the court lacks jurisdiction over Ms. Eggleston's claims, and therefore, this action should be dismissed under 28 U.S.C. § 1915(e), Fed. R. Civ. P. 12, and DUCivR 3-2. Based on a review of the Complaint, the undersigned hereby **RECOMMENDS** that the court **DISMISS** this action without prejudice.

## **NOTICE**

 A copy of the foregoing Report and Recommendation is sent to Ms. Eggleston who is hereby notified of her right to object.  Within **14 days** of being served with a copy, Plaintiff may serve and file a written objection.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 August 2023.


_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah